FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARABLE BOTANICALS, LLC, a Washington limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ARVIDA LABS, LLC, a Florida limited liability company, <br><br> Defendant. | No. 1:26-cv-03037-RLP <br><br> ORDER DENYING STIPULATED PROTECTIVE ORDER |

Before the Court is the parties' Stipulated Motion for Protective Order, ECF No. 22. The parties seek a protective order to protect two categories of confidential material labeled as: "Confidential Materials" and "Highly Confidential Material." ECF No. 22 at 2-3. The parties define those terms as follows:

- "Materials designated as CONFIDENTIAL shall include: (a) protected personal information; (b) protected materials or information that a party believes in good faith to be subject to federal, state, or foreign Data

ORDER DENYING STIPULATED PROTECTIVE ORDER ~ 1

Protection Laws or other privacy obligations, and (c) materials or information that are not publicly available and would not be made available to the public or to another Party but for discovery obligations arising from this litigation." ECF No. 22 at 2.

- o "The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material." ECF No. 22 at 3.

- "Materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may include the following materials that are not public or do not reflect publicly available information, which have not already been shared with the receiving Party, and the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means: (a) strategic business plans; (b) client lists; (c) confidential research, development, marketing and commercial information, and (d) confidential financial documents including confidential sales and profit information." ECF No. 22 at 3.

ORDER DENYING STIPULATED PROTECTIVE ORDER ~ 2

The Court declines to sign off on the parties' stipulated protective order. The definitions of "Confidential Materials" and "Highly Confidential Material" are too broad.

There is a strong presumption in favor of access to court records. *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Even when parties agree to protective measures for discovery materials, courts generally favor allowing access to such materials by individuals involved in related litigation, as this promotes judicial economy. *Cordero v. Stemilt AG Servs.*, 142 F.4th 1201, 1207 (9th Cir. 2025) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003)).

Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden of establishing good cause and must show prejudice "for *each particular document* it seeks to protect." *Foltz*, 331 F.3d at 1130 (emphasis added). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The requirement to demonstrate good cause cannot be waived, and remains even where the parties stipulate to the order. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999).

ORDER DENYING STIPULATED PROTECTIVE ORDER ~ 3

As the Court noted in the scheduling order for this case, ECF No. 21:

> It is this Court's preference to not enter general Protective Orders that simply set forth the parties' agreement for handling "confidential" materials . . . The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach. If the parties wish to file specific items of discovery in the court record and protect such items from public access, the parties are instructed to confer and jointly file a proposed narrowly tailored protective order, along with supporting statements of good cause. If the parties are unable to reach an agreement on the terms of a protective order, the parties shall submit simultaneous briefing explaining the nature of their disagreements and the differences between their respective requests for protection and/or the terms of their proposed orders. Each party's brief shall set forth argument supporting its position and addressing objections to the opposing party's proposal. Any such brief shall not exceed ten pages in length, excluding the proposed order. Failure to set forth any objection or supporting argument constitutes waiver of that issue. Upon receipt of such briefing, the Court will schedule a brief hearing to resolve the dispute and address any outstanding

ORDER DENYING STIPULATED PROTECTIVE ORDER ~ 4

questions.

ECF No. 21 at 4-5.

Accordingly, **IT IS ORDERED**:

1.    The parties' Stipulated Protective Order, **ECF No. 22**, is DENIED.

The District Court Executive is hereby directed to enter this Order and send copies to counsel.

DATED August 11, 2026

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING STIPULATED PROTECTIVE ORDER ~ 5